## In re ADAMS.

(District Court, N. D. New York. July 15, 1909.)

1. BANKRUPTCY (§ 413*)—DISCHARGE—OBJECTIONS—CONCEALMENT OF ASSETS.

Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 (U. S. Comp. 1901, p. 3427), provides that a bankrupt shall be granted a discharge unless he has committed an offense punishable by imprisonment, as provided, and section 29 provides that a person may be punished by imprisonment on conviction of having knowingly and fraudulently concealed, while a bankrupt or after his discharge, "from his trustee" any of the property belonging to his estate in bankruptcy. *Held* that, in order that such offense might be committed, there must be a trustee; and hence a specification, where no trustee had been appointed, that the bankrupt had concealed property "from his estate in bankruptcy," was fatally defective.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

2. BANKRUPTCY (§ 413*)—CLAIMS—CONCEALMENT.

An allegation that a bankrupt turned over a plumbing business to his wife under an agreement that he was to manage the business thereafter and take therefrom at such times as he saw fit whatever amount he might wish, and that he had drawn therefrom only from $2 to $4 a week, while his services were reasonably worth from $10 to $20, did not allege the existence of any indebtedness on the part of the bankrupt's wife to him, which could be the subject of a fraudulent concealment or of a false oath on the part of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

In Bankruptcy. On demurrer to specifications of objection on application for a discharge.

Charles R. Stewart, for bankrupt.

T. B. & L. M. Merchant, for creditors.

RAY, District Judge. The first specification of objection states that the bankrupt has knowingly and fraudulently concealed, while a bankrupt, from "his estate in bankruptcy," certain property belonging to his estate in bankruptcy, consisting of a claim of $500 and upwards, which is due and owing to the said bankrupt from his wife, Evelyn C. Roe Adams, for personal services rendered to her subsequent to April 13, 1906, in the management of a plumbing business turned over to her at that time by said Stephen B. Adams, and of which he had full management and control, and has only drawn from $2 to $4 out of the business per week since April 13, 1906, although he had the right to and did take from the business, at such times as he saw fit, whatever amount he might wish, and that his services in running such business were reasonably worth $10 to $20 per week, and that the wife of said bankrupt is indebted to him in open account in an amount estimated to be between $500 and $1,500.

There are two objections to the sufficiency of this specification: First, there is no allegation that the bankrupt concealed, while a bankrupt, "from his trustee" any property belonging to his estate in bankruptcy, or this debt or claim, assuming it to be a valid debt or claim; and, second, the facts stated negative the idea that there was an enforceable debt or claim against his wife.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The statement that the bankrupt had concealed property "from his estate in bankruptcy," instead of "from his trustee," was not a mistake or error of the pleader, as on the argument it was conceded that no trustee has been appointed. Under subdivision "b" of section 14 and section 29 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550, 554 [U. S. Comp. St. 1901, pp. 3427, 3433]), a person cannot be convicted of an offense and imprisoned for fraudulently concealing, while a bankrupt, property "from his estate in bankruptcy." The court cannot legislate, and subdivision "b" of section 29 is explicit in its language, and says that a person may be punished by imprisonment "upon conviction of the offense of having knowingly and fraudulently (1) concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy." Before this offense can be committed there must be a trustee, and nowhere is it made an offense, or a ground of refusing a discharge, not to disclose in the schedules, or even on oath, the existence of property or of a debt owing to the bankrupt. If in the schedules, or in making oath thereto, or on an examination, the bankrupt commits perjury, then he has "made a false oath" in or in relation to a proceeding in bankruptcy, and the making of such false oath is made a ground of refusing a discharge. Such false oath may consist in giving evidence which in effect amounts to a concealment, etc.

The second and third specifications of objection charge the bankrupt with having knowingly and fraudulently made a false oath in relation to a material fact, viz., in stating under oath that he had included all his property in his schedules, when in truth and fact he had knowingly omitted therefrom the claim against his wife. As the specifications fail to set out the existence of a valid claim against the wife, I do not see that it is charged that the bankrupt has made a false oath. If the bankrupt worked for his wife under an agreement that, as compensation for his services, he might take from time to time from the business such sums as he might wish, and he did so, he is satisfied, whether the sums taken be large or small. There is no allegation that he was to be paid what his services were reasonably worth. The specifications do not allege an indebtedness in a specific amount for work, labor, and services, and stop there, but state the facts out of which it is claimed the indebtedness arose; and as, on these facts, it appears there was no indebtedness, the first, second, and third specifications of objection are clearly insufficient, and the demurrer thereto is sustained.

The fourth and fifth specifications are sufficient, and the demurrer to the fifth is overruled. The fourth is not demurred to.

There will be an order accordingly.