## MEYER v. UNITED STATES.

### (Circuit Court of Appeals, Fifth Circuit. February 8, 1915.)

### No. 2704.

1. BANKRUPTCY ☞494—CRIMINAL OFFENSES—CONCEALMENT OF PROPERTY—
SUFFICIENCY OF INDICTMENT.

An indictment charging a bankrupt with concealing property from his trustee, which commenced with averments substantially following the language of the statute and alleged the bankrupt's acquisition of such property, the appointment of a receiver, that while he was a bankrupt he knowingly, willfully, and fraudulently concealed such property from the receiver, that a trustee was selected, appointed, and qualified, and that, after such selection, etc., the bankrupt continued to conceal knowingly, fraudulently, willfully, and unlawfully from the trustee, such property belonging to the estate in bankruptcy, and while he was a bankrupt, charged an offense under Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (Comp. St. 1913, § 9613), providing that a person shall be punished as therein provided upon conviction of the offense of knowingly and fraudulently concealing while a bankrupt from his trustee any of the property belonging to his estate in bankruptcy, since it was sufficiently plain therefrom that it was the continuance of the concealment after the appointment and qualification of the trustee that was made the basis of the criminal charge preferred, and the unnecessary averment as to the concealment from the receiver did not impair the sufficiency of the indictment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 911; Dec. Dig. ☞494.]

2. BANKRUPTCY ☞494—CRIMINAL OFFENSES—CONCEALMENT OF PROPERTY—
SUFFICIENCY OF INDICTMENT.

As Bankr. Act, § 29b, does not make a demand on a bankrupt for property concealed from his trustee a prerequisite to the commission of the offense of concealing such property, an indictment was not demurrable for failure to allege such a demand.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 911; Dec. Dig. ☞494.]

3. WITNESSES ☞268—CROSS-EXAMINATION—SCOPE.

On the trial of a bankrupt for concealing property from his trustee in bankruptcy, the prosecution introduced evidence tending to prove such concealment, and that it was a part of a scheme or plan manifested by that and other similar transactions. The trustee testified that he made a demand on defendant for the assets of the estate, and that he made it previous to the bringing of a suit to recover an automobile and a diamond ring. On cross-examination he was asked whether that was the suit which he dismissed for want of evidence, to which question an objection was sustained. Held error, as the jury might have inferred from the trustee's testimony that the assets of the estate had been reduced by withholding or concealing articles of luxury, and might have drawn an inference unfavorable to accused, and accused was entitled to show by explanatory or rebutting evidence that the circumstance was not capable of supporting an unfavorable inference, and he was not confined to his remedy by a motion to strike out.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931–948, 959; Dec. Dig. ☞268.]

4. CRIMINAL LAW ☞1170½—APPEAL—HARMLESS ERROR—EVIDENCE.

The exclusion of such question was not rendered harmless by accused's testimony that the automobile was the property of his wife, and was given to her by her brother, especially where such testimony was given in answer to a question as to whether he did not sport in an auto two

or three days before the adjudication, and fly around the city just a few days after he was adjudicated a bankrupt, and where the prosecution introduced evidence which, if believed, was well calculated to discredit any testimony the bankrupt might give.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3129–3135; Dec. Dig. ☞1170½.]

5. BANKRUPTCY ☞495—CRIMINAL OFFENSES—CONCEALMENT OF PROPERTY—EVIDENCE.

On the trial of a bankrupt for concealing assets from the trustee in bankruptcy, a question asked the bankrupt on cross-examination as to whether he sported in a $3,000 auto two or three days before the adjudication, and whether he did not fly around the city a few days after he was adjudicated a bankrupt, could not properly be admitted over objection, except in connection with other evidence tending to prove that the bankrupt had some property interest in the automobile inquired about.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 912; Dec. Dig. ☞495.]

6. CRIMINAL LAW ☞1144—APPEAL—PRESUMPTIONS IN SUPPORT OF JUDGMENT—OMISSIONS FROM RECORD.

Where the charges given by the court are not in the bill of exceptions, it may be presumed that the proposition stated in a requested charge was embodied in the charge given, and hence reversible error is not shown.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2764, 2766–2771, 2774–2781, 2901, 3016–3037; Dec. Dig. ☞1144.]

Maxey, District Judge, dissenting.

In Error to the District Court of the United States for the Southern District of Alabama; Harry T. Toulmin, Judge.

Morris M. Meyer was convicted of an offense, and he brings error. Reversed and remanded.

Francis J. Inge, of Mobile, Ala., and John R. Hunter, of Alexandria, La., for plaintiff in error.

Alexander D. Pitts, U. S. Atty., of Selma, Ala., and H. T. Pegues, Asst. U. S. Atty., of Mobile, Ala., for the United States.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge. [1] The case went to the jury on the second only of the three counts of the indictment; the demurrer to the third count having been sustained, and a nolle prosequi having been entered as to the first count. The action of the court in overruling the demurrer to the second count is assigned as error. We are not of opinion that that count was subject to the demurrer interposed to it. The grounds of demurrer which have been principally insisted upon by the counsel for the plaintiff in error are the ones which suggest that the count fails to allege that the money mentioned therein was knowingly and fraudulently concealed by the defendant, while a bankrupt, from his trustee, and that said count is indefinite and uncertain, in that it cannot be ascertained whether the defendant is prosecuted for concealing said money from the trustee or from the receiver. These objections are based upon the presence in the count of an averment that:

The defendant "then and there knowingly, willfully, and fraudulently, and while he was a bankrupt as aforesaid, concealed the aforesaid sum of money

from his said receiver, which said sum of money belonged then and there to the bankruptcy estate of the said Morris M. Meyer."

In this connection it is pointed out that the statute (section 29, subd. "b" of the Bankruptcy Act) upon which the prosecution must rest does not make it a criminal offense for a bankrupt knowingly and fraudulently to conceal, while a bankrupt or after his discharge, from his receiver, property belonging to his estate in bankruptcy, and that that statute is directed against such a concealment from the bankrupt's trustee only. The count does not fail to charge such a concealment from the trustee. It commences and concludes with averments to this effect which substantially follow the language of the statute which created the offense. Following the first-mentioned of these averments is a narrative as to how the defendant acquired the money alleged to have been concealed, namely, by getting cashed a described check payable to himself, of the appointment of a receiver of the bankrupt estate, and of the defendant's concealment from such receiver of the money so obtained, the averment of such concealment being the one above quoted. Following this narrative, the count proceeds to allege the selection, appointment, and qualification of a trustee of the bankrupt estate, and concludes with the averment:

"That after the selection, appointment, and qualification of the said Vincent B. McAleer as said trustee, the said Morris M. Meyer did then and there continue to conceal, knowingly, fraudulently, willfully, and unlawfully, from his said trustee, the aforesaid money then and there belonging to his said estate in bankruptcy, and while he, the said Morris M. Meyer, was then and there such bankrupt."

While the count shows that the concealment charged had its commencement while the receivership was in existence, we think that its opening and concluding averments make it sufficiently plain that it was the continuance of that concealment after the appointment and qualification of the trustee, and not what is alleged to have occurred before such appointment and qualification, which is made the basis of the criminal charge preferred, and that the allegation as to a concealment from the receiver could not well have been understood as a charge of a separate offense, or as descriptive of an essential ingredient of the conduct which was relied on to support a conviction. There is nothing in the record to indicate that it was so understood and treated in the trial court. As the count pointedly averred every fact necessary to be proved to constitute the offense denounced by the statute, its sufficiency was not impaired by the unnecessary averment as to a concealment from the receiver. Hall v. United States, 168 U. S. 632, 18 Sup. Ct. 237, 42 L. Ed. 607; In re Lane, 135 U. S. 443, 10 Sup. Ct. 760, 34 L. Ed. 219. In this connection the counsel for the plaintiff in error refer us to the decision in the case of Ex parte Bain, 121 U. S. 1, 7 Sup. Ct. 781, 30 L. Ed. 849. That decision does not support the proposition that a superfluous allegation in an indictment renders it subject to demurrer. What was dealt with in that case was an unauthorized action of a court in striking out part of an indictment.

[2] One of the grounds assigned in the demurrer was the failure of the count to allege that any demand for said money was made

on the defendant by the trustee, or the receiver, or any other person. The statute does not make a demand a prerequisite to the commission of the offense which it denounces. Nothing said in the opinion rendered in the case of Warren v. United States, 199 Fed. 753, 118 C. C. A. 191, 43 L. R. A. (N. S.) 278, can be given the effect of requiring an indictment for the statutory offense to allege anything which the statute does not make an ingredient of that offense. The count in question charged the commission of the offense in the language of the statute. This being true, it was not subject to the demurrer. United States v. Comstock (C. C.) 161 Fed. 644; Ackley v. United States, 200 Fed. 217, 118 C. C. A. 403.

[3] In the trial the prosecution introduced evidence which tended to prove a concealment by the defendant from his trustee of the sum of money which was mentioned in the count on which the trial was had, and that his conduct in regard to that money was part of a scheme or plan which was manifested by that and other somewhat similar transactions, evidence of which was adduced. The evidence as to these matters was conflicting. Vincent B. McAleer, who was, successively, the receiver and the trustee of the defendant's estate in bankruptcy, in the course of his direct examination as a witness for the prosecution, stated that he made a demand on the defendant for the assets of his estate, "and that he made this demand previous to the bringing by him of the suit against Hattye W. Meyer to recover an automobile and diamond ring." On cross-examination of the witness, the defendant's attorney asked him the following question:

"You spoke about a suit—about an auto and ring. This is the suit you dismissed for want of evidence, isn't it?"

The defendant duly excepted to the action of the court in sustaining the prosecution's objection to this question. It is quite apparent that, in its connection with other evidence of incriminating conduct on the part of the defendant, the above-quoted statement of the witness may well have been understood as a suggestion or insinuation, and not a very covert one, that an automobile and a diamond ring also figured among the things which were improperly withheld or concealed from the defendant's creditors or their representative in the bankruptcy proceeding. It readily may be supposed that any unfavorable impression that may have been made upon the jury by evidence of the defendant's concealment of sums of money may have been deepened, and that the probative effect of any explanation advanced by the defendant of other transactions of his which were deposed to by witnesses for the prosecution may, in the estimation of the jury, have been materially impaired by what they regarded as proof of a circumstance from which it was to be inferred that the defendant was responsible for the amount of the assets of his estate in bankruptcy being reduced by the withholding or concealment of such articles of luxury as an automobile and a diamond ring. On the cross-examination of the witness the defendant was entitled to prove by him his inability to adduce any evidence to support the suit of which he had made mention, and the dismissal of it for that reason, and in this way to show to

the jury that an incident upon which, if the evidence of it brought out in the direct examination of the witness had remained unexplained or unrebutted, they may have based an inference unfavorable to the defendant, really furnished no support at all for any such inference.

It is suggested that the proper remedy available to the defendant was a motion to strike out that part of the testimony of the witness which contained the mention of the suit for an automobile and a diamond ring. The defendant is not to be confined to that remedy. We cannot shut our eyes to the fact that a court's withdrawal of evidence from the consideration of jurors frequently is much less effective in removing from their minds an impression made by it than explanatory or rebutting evidence going to prove that the circumstance which the excluded evidence tended to prove was one incapable of supporting an inference unfavorable to the party against whom that evidence was introduced. The conclusion is that the court was in error in the ruling last above mentioned.

[4, 5] The suggestion is made that whatever prejudice this ruling involved is to be regarded as having been removed by the uncontradicted and unrebutted testimony of the defendant himself to the effect that he did not buy the automobile—that it was the property of his wife, having been given to her by her brother. The statement of the defendant to this effect was made in his answer to the following question asked on his cross-examination, after an objection to the question had been overruled, and an exception reserved:

"Didn't you sport in a $3,000 auto? You sported in an auto two or three days before the adjudication. Didn't you fly around Mobile just a few days after you were adjudicated a bankrupt?"

The evidence called for by this question could not properly have been admitted over the objection made, except in connection with other evidence already introduced, or which was proposed to be offered, having a tendency to prove that the defendant had had some property interest in the automobile inquired about. The fact of his riding in somebody else's automobile could have shed no light on any question involved in the case on trial. But in the circumstances of the transaction which was under investigation it readily can be realized how evidence of that fact may have unduly impressed the jury and created a prejudice against the defendant. There was no suggestion that there was anything other than the bringing of the suit mentioned by the witness McAleer to suggest or indicate that the defendant or his estate in bankruptcy had ever had any interest in that automobile. The prosecution controverted the defendant's version of the circumstances attending his failure in business, and introduced evidence which, if believed, was well calculated to discredit any testimony he might give. In this situation the party seeking to discredit the defendant's testimony cannot with much plausibility or consistency claim that his uncorroborated explanation of an apparently unfavorable incident which had been deposed to must have been accepted by the jury as satisfactorily rebutting or destroying the effect of the evidence of that incident. The conclusion is that the rulings under con-

sideration were erroneous and prejudicial, and call for a reversal of the judgment appealed from.

[6] We find no reversible error in other rulings on evidence. The bill of exceptions does not set out the charge or charges given by the court. It follows that the record fails to make it appear that the refusal of any written charge requested by the defendant which stated a correct proposition applicable to the case was reversible error, as it may be presumed that that proposition was embodied in the charge given by the court.

In another trial the court may readily avoid any ground for such an objection as the one raised to the judgment now under review, based upon the finding of the jury having been returned, not to the court, but to the clerk of the court during a recess, and in the absence of the defendant.

The judgment is reversed, and the cause is remanded.

MAXEY, District Judge (dissenting). I am of the opinion that there is no reversible error in the record, and that the judgment should be affirmed.