## UNITED STATES v. GRANT.

(District Court, E. D. Michigan, N. D. October 11, 1924.)

No. 1253.

1. Bankruptcy ☞485—Concealment of property by bankrupt, to constitute offense, must be from his trustee.

To constitute the offense by a bankrupt, under Bankruptcy Act, § 29b (Comp. St. § 9613), of knowingly and fraudulently concealing from his trustee property belonging to his estate in bankruptcy, there must be a trustee in bankruptcy of his estate, and an indictment which fails to allege that there is a duly elected or acting trustee is insufficient.

**2. Indictment and Information ☞98 — Each count in an indictment must be treated as a separate and distinct indictment.**

In determining the sufficiency of an indictment containing several counts, each count must be treated as a separate and distinct indictment.

**3. Indictment and information ☞99—To incorporate in one count facts alleged in another count, the reference must be clear, full, and definite.**

While one count in an indictment may, by reference, incorporate in itself facts alleged in a previous count, the reference must be clear, full, and definite.

**4. Bankruptcy ☞485—Concealment by bankrupt, to constitute offense, must be of property belonging to his estate.**

An indictment under Bankruptcy Act, § 29b (Comp. St. § 9613), charging a bankrupt with concealment of property, must allege, as an essential element of the offense, that the property concealed belonged to his estate in bankruptcy.

Criminal prosecution by the United States against Benjamin C. Grant. On demurrer to indictment. Demurrer sustained.

Delos G. Smith, U. S. Atty., and James J. Spillane, Asst. U. S. Atty., both of Detroit, Mich.

John E. Kinnane, of Bay City, and Chandler & Friegel, of Owosso, Mich., for defendant.

TUTTLE, District Judge. The cause is before the court on demurrer to the indictment.

The indictment contains three counts. The first count alleges that on December 28, 1922, an involuntary petition in bankruptcy was filed against the defendant, and that on the following day one Harry Eberline was appointed receiver of the property, assets, and effects of said defendant in accordance with the Bankruptcy Act (Comp. St. §§ 9585–9656); that thereafter, pursuant to certain proceedings and process in the bankruptcy cause (which are set forth in this count, at some length and in considerable detail), the defendant was, on March 8, 1923, adjudged a bankrupt; that shortly before the filing of said involuntary petition in bankruptcy the defendant received from various merchants large quantities of merchandise for which he failed to pay, and which he placed in a store at Owosso, Mich., and sold and otherwise disposed of; that the proofs of claim filed in said bankruptcy cause aggregated in amount $49,921.65, the invoices attached to said proofs of claim showing purchases by the defendant shortly prior to bankruptcy amounting to $40,944.-33; that the appraisers appointed by this court found the invoice value of the goods in said store to be $19,321.91, and the mar-

ket value thereof $18,584.81; that the entire amount of money deposited by defendant in bank in 1922 was $5,668.93; that between June and November, 1922, defendant purchased Liberty bonds of the value of $14,-000, all of said bonds being paid for by the defendant in cash; that in December, 1922, defendant purchased a certain specifically described automobile, for which he paid $1,150 in cash and delivered a "used car," and that defendant left Owosso for parts unknown in said automobile on or about December 15, 1922; that defendant was in Owosso, and within the jurisdiction of this court, on May 8, 1923; and that "on, to wit, the 8th day of May, 1923, the said Benjamin C. Grant, at the city of Owosso, in the division and district aforesaid, and within the jurisdiction of this honorable court, being then and there an adjudicated bankrupt as aforesaid, did unlawfully, willfully, feloniously, fraudulently, and knowingly conceal certain of his property and assets belonging to the said bankrupt estate from the trustee aforesaid of his bankrupt estate, said property then and there consisting of the Liberty bonds which he had theretofore purchased as hereinbefore recited—contrary to the form, force, and effect of the act of Congress in such case made and provided, and against the peace and dignity of the United States." The count contained no further or other allegations than those just quoted and referred to.

The second count is, in full, as follows:

"And the grand jurors aforesaid upon their like oaths do further find and present that heretofore, to wit, on the said 8th day of May, A. D. 1923, at the city of Owosso in the Northern Division of the Eastern District of Michigan and within the jurisdiction of this honorable court, the said Benjamin C. Grant, late of the city of Owosso, aforesaid, being then and there an adjudicated bankrupt, did unlawfully, willfully, feloniously, fraudulently, and knowingly conceal from his trustee in bankruptcy the moneys received by him from the sale of merchandise hereinbefore referred to which was procured by and disposed of by the said Benjamin C. Grant during the months of October, November, and December, 1922, contrary to the form, force, and effect of the act of Congress in such case made and provided, and against the peace and dignity of the United States."

The allegations of the third count are, in full, as follows:

"And the grand jurors aforesaid upon their like oaths do further find and present

that heretofore, to wit, on the 8th day of May, A. D. 1923, at the city of Owosso, in the Northern Division of the Eastern District of Michigan and within the jurisdiction of this honorable court, said Benjamin C. Grant, late of the city of Owosso, aforesaid, being then and there an adjudicated bankrupt, did unlawfully, willfully, feloniously, fraudulently, and knowingly conceal from his trustee in bankruptcy a certain model 50 seven-passenger Buick automobile of the sedan type, which had been purchased by him prior to his departure from the jurisdiction of this court in December, 1922, and which was brought back into the jurisdiction of this court on or about the said 8th day of May, A. D. 1923, contrary to the form, force, and effect of the act of Congress in such case made and provided, and against the peace and dignity of the United States."

The grounds on which the demurrer to the indictment is based include the following: (1) That each count is insufficient, for the reason that there is no allegation therein that a trustee for the defendant bankrupt was appointed or that any person was acting as such trustee; and (2) that each of the last two counts is fatally defective, because it does not charge that the property therein alleged to have been concealed by the defendant was property belonging to his estate in bankruptcy. These grounds will be considered in the order in which they have been stated.

[1] 1. The statute which the defendant is claimed to have violated is the portion of section 29b of the Bankruptcy Act (Comp. St. § 9613), providing that "a person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently   *   concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy." There can be no doubt that concealment *from a trustee in bankruptcy* is an essential element of the crime thus created, and that until the election or appointment of such a trustee no concealment of assets by a bankrupt, even from his receiver, in bankruptcy (Meyer v. United States, 220 F. 822, 136 C. C. A. 432 [C. C. A. 5]), will constitute this crime. The government, indeed, does not contend to the contrary. If, therefore, any count in the present indictment fails to allege concealment by the bankrupt from his trustee, such count fails to charge an offense against the United States and is clearly insufficient.

It will be noted that the first count, although it recites and describes in detail the bankruptcy proceedings against the defendant over a period of several months (including a reference to the appointment of a receiver therein, who is specifically named), down to the adjudication in bankruptcy, nowhere alleges or refers to the election or appointment of a *trustee,* nor to the name of such a trustee, nor to the fact that any particular person was acting as such trustee. The allusion, therefore, in the concluding paragraph of this count, to a concealment "from the. trustee aforesaid," is obviously meaningless. The only officer of the defendant's estate to whom (if, indeed, to any) the word "aforesaid" could refer would seem to be the receiver, hereinbefore mentioned, and this might be thought to indicate that it was intended to refer to him, and that the use of the word "trustee" was inadvertent. Certainly this language cannot be construed as alleging the existence of a trustee nor a concealment of assets from a trustee. There is no other reference to a trustee anywhere in this count. The contention, therefore, of the defendant, that the first count is insufficient for the reasons stated, must be sustained.

[2] 2. Neither the second nor the third count charges that the property therein alleged to have been concealed by the defendant was "property belonging to his estate in bankruptcy." In determining the sufficiency of an indictment containing several counts, each of such counts must be treated as a separate and distinct indictment. Samuels v. United States, 232 F. 536, 146 C. C. A. 494, Ann. Cas. 1917A, 711 (C. C. A. 8); De Jianne v. United States, 282 F. 737 (C. C. A. 3).

[3] It is true that one count in an indictment may, by reference to facts alleged in a previous count, incorporate in itself such facts, provided that such reference is sufficiently clear, full and definite. Blitz v. United States, 153 U. S. 308, 14 S. Ct. 924, 38 L. Ed. 725; Crain v. United States, 162 U. S. 625, 16 S. Ct. 952, 40 L. Ed. 1097; Bartholomew v. United States, 177 F. 902, 101 C. C. A. 182 (C. C. A. 6); Foster v. United States, 178 F. 165, 101 C. C. A. 485 (C. C. A. 6); Linn v. United States, 234 F. 543, 148 C. C. A. 221 (C. C. A. 7); Doe v. United States, 253 F. 903, 166 C. C. A. 3 (C. C. A. 8); Anderson v. United States, 269 F. 65 (C. C. A. 9).

[4] Neither one, however, of the last two counts alleges, either expressly or by reference to any allegation in the first count on this subject, that the property claimed to have been concealed was, at the time of its concealment, property belonging to the estate of the defendant. Both of such counts,

therefore, fail to charge an essential element of the crime in question and are for that reason fatally defective.

It follows that, for the reasons already stated, the demurrer must be sustained as to the entire indictment and there is no occasion to consider any other question. An order sustaining the demurrer will be entered.