## REVIS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 1, 1925.)

No. 6767.

1. Bankruptcy ⟨⟩496—Charge on concealment of property held erroneous.

In prosecution under Bankruptcy Act, § 29b (Comp. St. § 9613), for concealment of money and property, where evidence of guilt was meager, it was error to charge that property need not be in control and possession of defendant at time trustee was appointed, especially in view of refusal of instruction that defendant must have had possession and control at time trustee was appointed or thereafter.

2. Criminal law ⟨⟩1144(14)—Appellate court cannot presume that jury understood what was meant, instead of what was stated.

In considering assignment of error on a charge, the Circuit Court of Appeals cannot presume the jury understood what was meant, instead of what was stated.

3. Criminal law ⟨⟩1172(1)—Appellate court not permitted to reform trial court's statement.

The Circuit Court of Appeals is not permitted to reform charge of trial court, when made in such manner as tends to produce confusion and mistaken idea in minds of jury.

In Error to the District Court of the United States for the District of Colorado; Colin Neblett, Judge.

Edward Revis was convicted of concealing from his trustee in bankruptcy certain money and property, in violation of the Bankruptcy Act, § 29b, and he brings error. Reversed and remanded for new trial.

Philip Hornbein, of Denver, Colo. (Theodore Epstein, of Denver, Colo., on the brief), for plaintiff in error.

Clarence L. Ireland, Asst. U. S. Atty., of Denver, Colo. (George Stephan, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and WILLIAMS, District Judge.

VAN VALKENBURGH, Circuit Judge. August 15, 1922, in the District Court of the United States for the District of Colorado, an indictment was returned containing four counts, charging plaintiff in error with having concealed from his trustee in bankruptcy certain specified money and property in violation of section 29b of the Bankruptcy Act (Comp. St. § 9613). Upon trial verdicts of not guilty were returned on the first three counts; the fourth resulted in conviction. The latter count charged the defendant with having concealed certain specific property, to wit, ten cases of "glass jar" fruit. The evidence adduced in support of this charge was concededly meager. It was so considered by the trial judge, as appears from his charge to the jury in which he said:

"As to the glass jar fruit: The government has attempted to show that, a short time prior to the time this defendant closed his place of business and went into bankruptcy, he had a large quantity of glass jar fruit. When the assets of the estate were turned over to the receiver there was quite a little of this glass jar fruit missing. That on Saturday night prior to the closing of his store on Monday certain trucks and people were seen at the defendant's store loading the trucks with some boxes. The defendant has gone on the stand and denied absolutely that he held out or concealed any glass jar fruit. The court has given the evidence upon that subject very considerable thought, and I am of the opinion as to that charge the evidence would hardly justify you in finding a verdict. However, you are not bound by the opinion of the court; you can act as you think proper from the evidence on this subject and the law as the

9 F.(2d)—32

court has given it to you. Should the court express an opinion upon any matter of evidence, you may disregard it, if you think proper."

Nevertheless, the jury returned a verdict of guilty as aforesaid.

[1] A number of errors are assigned, but the main reliance is upon the following portion of the court's charge:

"Of course, gentlemen, the law as the court read it to you, it is the gist of the offense, that the concealment be from the trustee who was appointed by the court as trustee in the estate; but this does not mean that the property must be in the possession and control of the defendant at the time the trustee is appointed. I mean, it must be concealed for the first time at that particular time; the concealment may be a continuing one. If the defendant at the time he went into bankruptcy, or even before he went into bankruptcy, had concealed any of the property owned by him, and did not disclose it to his receiver at the time he was appointed, it would be concealment; of course, not all concealments are violations of the law."

That part of section 29b applicable to the offense here charged is in the following language:

"A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy."

[2] The property here specifically charged is the ten cases of "glass jar" fruit. This charge of the court is criticized because it is susceptible of the construction that the concealment may have consisted in a failure to disclose it to the receiver at the time that receiver was appointed, and that the property alleged to have been concealed need not be in the possession and control of the defendant at the time the trustee is appointed. We think this criticism is not without merit. It is very probable that what the court intended to say was that the concealment need not originate at the particular time the trustee is appointed, and that would have been a correct statement of law; but unfortunately that was not the clear intendment of the charge, and we cannot presume that the jury understood what was meant instead of what was stated. The jury might well have inferred that, if a defendant had concealed property and did not disclose it to his receiver, such an act would be a concealment

within the purview of this prosecution. The concealment contemplated by the statute must be from the trustee, and cannot be predicated upon acts prior to the appointment and qualification of that trustee unless it continues thereafter. Remington on Bankruptcy, vol. 3, § 2320; United States v. Rhodes (D. C.) 212 F. 513–516; Kalin v. United States (C. C. A.) 2 F.(2d) 58; United States v. Grant (D. C.) 1 F.(2d) 724; Meyer v. United States, 220 F. 822–824, 136 C. C. A. 432; In re Adams (D. C.) 171 F. 599, 600.

[3] We are not permitted to reform the statements of the court, when made in such manner as tend to produce confusion and a mistaken idea in the minds of the jury. The concealment intended by the statute should not be extended to cover and include property disposed of by way of preference or otherwise, contrary to other provisions of the Bankruptcy Act. The error complained of is emphasized by the refusal of the court to give the following instruction requested:

"The jury is instructed that, to justify a conviction, it must appear beyond all reasonable doubt that the defendant had in his possession or under his control the goods described in the indictment, or some of them, at the time the trustee was appointed, or thereafter. If, after consideration of all the evidence, there is a reasonable doubt as to whether he had in his possession or control any of the goods described in the indictment at the time of the appointment of the trustee, he should be acquitted."

In view of the meager evidence disclosed by the record to sustain the specific offense charged in this count, we feel that the language of the court assigned may have operated to cause the jury to resolve the issue in favor of conviction. For this reason, it is considered that the judgment below should be reversed, and the case remanded for a new trial.

It is so ordered.