## MATTHEWS *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

No. 778. Submitted March 3, 1896. — Decided March 16, 1896.

The defendant was indicted for perjury alleged to have been committed
on the 7th of June. The minutes of the stenographer of the testimony;
alleged to be false, were read upon the trial, and they said that the testi-
mony alleged to be false was given on the 6th of June, instead of the
7th. The defendant, being convicted, moved for a new trial upon the
ground that the variance was fatal, which was refused. *Held*, that such
a variance was not material in this case.

Stenographers' minutes of evidence are not records.

THE plaintiff in error was indicted in the Circuit Court
of the United States, for the Southern District of New York,
for the crime of perjury, alleged to have been committed
upon the trial of an action between the United States and
one John Matthews, impleaded with others. The trial of the
action in which the perjury was alleged to have been com-
mitted was had in the Circuit Court for the Southern District
of New York, and Matthews, plaintiff in error, was sworn
upon the trial, and the indictment in this case alleges that
he committed the perjury set forth in the indictment upon
that trial "before the said judge and jury, to wit, on the 7th
day of June, in the year of our Lord one thousand eight hun-
dred and ninety-four, and within the district aforesaid and
within the jurisdiction of this court." For the purpose of
proving the testimony of plaintiff in error, taken upon the
original trial in which the perjury was alleged to have been
committed, and by stipulation of counsel for the parties in
this case, the minutes of the stenographer were read upon
the trial, and from those minutes it appeared that the testi-
mony, alleged to be false, was given by plaintiff in error upon
the 6th instead of the 7th of June. The plaintiff in error
was convicted. His counsel then made a motion for a new
trial and in arrest of judgment, both of which motions were

denied. Upon the trial the objection was raised by counsel for defendant that there was a fatal variance existing between the indictment and the proof as to the time when the perjury was committed, and that question was reserved for the purpose of being heard on the motion for a new trial, in case the plaintiff in error was convicted. The motion for a new trial having been made on that ground and denied, the defendant below obtained a writ of error from this court, and the case is now here for review.

*Mr. W. J. Townsend* for plaintiff in error.

*Mr. Assistant Attorney General Whitney* for defendants in error.

MR. JUSTICE PECKHAM, after stating the case, delivered the opinion of the court.

The only point suggested by counsel for plaintiff in error upon which to obtain a reversal of the judgment is the fact of the variance between the indictment and the proof as to the day when the alleged perjury was committed. We think the decision of the court below was clearly right. The cases cited by counsel for plaintiff in error, in regard to the necessity for specific and accurate proof of the very day upon which the perjury was alleged to have been committed, were those in relation to records, depositions or affidavits which were to be identified by the day on which they were made or taken. Under such circumstances a misdescription of the date of the particular record, deposition or affidavit has been sometimes held fatal on the ground, substantially, that it has not been identified as the particular one in which the perjury is alleged to have been committed, because the record or other paper itself bears one date and the indictment describing it bears another. It is not the same record, and therefore there is variance, which has been held fatal to a conviction.

In this case there was no record which was contradicted by the proof given upon this trial. The trial was described accurately, the parties to it, the court in which it took place, the

term and the time at which it was tried, and the only differ-
ence between the allegation in the indictment and the proof
in the case is that during this trial, which occupied several
days, the plaintiff in error swore on the 6th of June instead
of on the 7th, as alleged in the indictment, to the matter
which was alleged to be false. The date upon which the evi-
dence was given, which was alleged to have been false,
appeared by the stenographer's minutes, who took the evi-
dence on the trial, to have been the 6th of June. This is no
record, and it is not within the principle upon which the cases
relied upon by counsel for plaintiff in error were decided.
Such a variance as appears in this case is not material. *Rex*
v. *Coppard,* 3 C. & P. 59; *Keator* v. *People,* 32 Michigan,
484; *People* v. *Hoag,* 2 Parker's Cr. Rep. (N. Y.) 10. It will
be seen that the time was stated under a *videlicet* in this indict-
ment, although that fact is probably not very material. The
opinion written by the learned judge in denying the motion
for a new trial and in arrest of judgment says all that is nec-
essary to be said in this case, and we concur entirely in the
conclusion reached by him. 68 Fed. Rep. 880.

The judgment must be

*Affirmed.*