### YOUNGE v. UNITED STATES. *

(Circuit Court of Appeals, Fourth Circuit. May 23, 1917.)

No. 1501.

1. CRIMINAL LAW ⬡⟿564(5)—PROOF OF VENUE—SUFFICIENCY.

As the statute (Act Jan. 22, 1901, c. 105, 31 Stat. 736) establishing the Northern district of West Virginia provides for the holding of regular terms at Parkersburg, where it was shown, on a trial for transporting a woman from one state to another for an immoral purpose, that she was induced to go from Parkersburg to a point in Ohio, there was a sufficient showing that the offense was committed within the territorial limits of the court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1281.]

2. CRIMINAL LAW ⬡⟿1036(8)—REVIEW—OBJECTIONS—SUFFICIENCY OF EVIDENCE.

Where, in a criminal case, the court charged that if defendant induced, persuaded, or enticed the prosecuting witness to go from Parkersburg, in the state of West Virginia, to a point in Ohio, he was guilty, and defendant made no objection on the ground that there was no evidence that Parkersburg was in West Virginia, it was too late to raise this objection on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2641.]

3. CRIMINAL LAW ⬡⟿279—PLEA IN ABATEMENT—TIME FOR PLEADING.

Where defendant was indicted in October, 1913, pleaded not guilty, and was found guilty and appealed to the Circuit Court of Appeals, which reversed the judgment, a plea in abatement thereafter filed at the May term, 1916, at which time the offense would have been barred, if the plea had been sustained, was properly stricken, as filed too late.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 643, 644.]

4. GRAND JURY ⬡⟿2½—CONSTITUTION OF JURY—PLEA IN ABATEMENT.

That there was no colored person of African descent on the grand jury which found an indictment was not ground for abatement, where it did not appear that colored jurors were excluded solely because of their race, or that the negro race was discriminated against.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. § 2.]

---

⬡⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
ᴿRehearing denied July 20, 1917.

**5. CRIMINAL LAW ☜121—CHANGE OF VENUE—DISCRETION OF COURT.**

It was within the sound discretion of the trial court to determine an application for a change of venue.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 241.]

**6. JURY ☜33(1)—CONSTITUTION OF JURY—COLORED PERSONS.**

On the trial of a colored person, there was no error in refusing to require that at least one colored person be included in the jury, where there was no showing that colored jurors were excluded by the court, or those acting under it.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 226, 227.]

**7. PROSTITUTION ☜3—INDICTMENT—VARIANCE—DATE OF OFFENSE.**

On a trial for transporting a woman from one state to another, etc., for an immoral purpose, there was no fatal variance between an allegation that the offense was committed "on the ——— day of September, 1912," and proof that the transportation occurred in the latter part of August or the first part of September, and probably on the 4th or 5th of September.

[Ed. Note.—For other cases, see Prostitution, Cent. Dig. § 3.]

**8. CRIMINAL LAW ☜1159(3)—REVIEW—QUESTIONS OF FACT.**

Where, in a criminal case, the evidence was conflicting, the prosecuting witness testifying positively as to defendant's guilt, and defendant contradicting her testimony and offering evidence to establish an alibi, an appellate court would not interfere with the jury's determination.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3076.]

In Error to the District Court of the United States for the Northern District of West Virginia, at Philippi; Alston G. Dayton, Judge.

Eugene L. Younge was convicted of an offense, and he brings error. Affirmed.

C. M. Hanna, of Parkersburg, W. Va., and John R. Clifford, of Martinsburg, W. Va. (Reese Blizzard, of Parkersburg, W. Va., on the brief), for plaintiff in error.

Harry H. Byrer, Asst. U. S. Atty., of Philippi, W. Va. (Stuart W. Walker, U. S. Atty., of Martinsburg, W. Va., on the brief), for the United States.

Before PRITCHARD and KNAPP, Circuit Judges, and SMITH, District Judge.

PRITCHARD, Circuit Judge. The plaintiff in error, hereinafter referred to as defendant, was indicted at the October term, 1913, of the District Court of the United States for the Northern district of West Virginia for a violation of the "White Slave Traffic Act" (Act June 25, 1910, c. 395, 36 Stat. 825 [Comp. St. 1916, §§ 8812–8819]). No demurrer to the form of indictment was filed. This case was here at the May term, 1914, of this court, at which time the judgment of the lower court was reversed, upon the ground that the court below had refused to grant a continuance in order to afford the defendant an opportunity to produce in his behalf certain witnesses whom he claimed had been with him at the "fishing camp" on the Little Kanawha river, and by whom he expected to prove that he had not left the fishing camp and thereby establish an alibi.

The indictment charges the defendant in three several counts with

having transported and caused to be transported, with having procured transportation and assisted in procuring transportation for, and with having induced, persuaded and enticed, and thereby having caused, one Mabel Roan, a colored girl over the age of 18 years, to go and be transported in interstate commerce from Parkersburg, in the Northern district of West Virginia, to Marietta, in the state of Ohio, for the purpose of prostitution, debauchery, and other immoral purpose, with the intent and purpose on the part of the defendant to induce, entice, and compel the said Mabel Roan to become a prostitute, and to give herself up to debauchery, and otherwise to engage in immoral practice. The offense is charged to have been committed on the ———— day of September, 1912.

On the 25th day of May, 1916, the defendant tendered his plea in abatement, alleging therein that the grand jury which found the indictment had not been legally drawn; that the court did not order a venire facias to issue as required by law, and that no venire facias was actually issued as the law requires, and that the illegal proceeding complained of tended to his injury and prejudice in the respects therein alleged; that said plea was tendered at the first opportunity after the facts set out therein became known to the defendant; that the defendant is a colored person, and no colored jurors were on the grand jury that found the indictment. Defendant in error, hereinafter referred to as plaintiff, objected to the filing of this plea, for the reasons that it was not sufficient in form, and was tendered too late, and the court refused to permit the same to be filed, to which the defendant excepted.

Thereupon the defendant moved for a change of venue, and supported his motion by certain affidavits, and the plaintiff resisted the same and filed certain counter affidavits. The court overruled the motion, and the defendant excepted.

The defendant moved to quash the panel of petit jurors then in attendance at that term of court, for the reason that no special order of the court had been entered directing the summoning of the panel at that term. This motion was resisted by the plaintiff, and counsel, among other things, presented a general order of the court directing the summoning of petit jurors for all courts. This motion was also denied, and the defendant excepted.

The defendant then moved the court to direct that at least one man of colored or African blood be included in the jury to try him, which motion was also overruled, and the defendant excepted thereto. The defendant then moved the court to quash the indictment, because there were no members of the African race upon the grand jury that found the indictment. The court refused to grant this motion, and the defendant excepted.

Thereupon a jury was impaneled, a trial had, and the defendant convicted for the second time. During the progress of the trial the defendant excepted to the ruling of the court in admitting certain testimony to which he objected, and in refusing to permit the defendant to testify in reply to certain questions, and saved his exceptions to the ruling of the court by bills of exception. A motion to set aside the verdict of the jury, and grant a new trial, for reasons set out, was made by the defendant, which motion was overruled, to which action

of the court the defendant excepted, and thereupon the defendant was sentenced. The case comes here on writ of error.

[1, 2] It is contended by counsel for defendant that the government failed to show that Parkersburg is located in the Northern district of West Virginia, and that therefore the court was without jurisdiction. While no one testified directly that Parkersburg is situated in the district in which it is alleged that the offense was committed, nevertheless we think that the evidence bearing on this point was sufficient to establish the fact that the offense was committed within the jurisdiction of the court below. It should be borne in mind that the act of Congress (Act Jan. 22, 1901, c. 105, 31 Stat. 736) establishing the Northern district of West Virginia provides that regular terms of the United States District Court be held at Parkersburg, and it being shown that this was the point from which Mabel Roan was induced to go to Marietta, in the state of Ohio, this alone, we think, was sufficient to show that the offense had been committed within the territorial limits of the court. In addition to this, the court below in its charge, stating what was necessary to constitute an offense, said:

"Therefore I charge you that if you believe from the evidence in this case that this defendant induced, or persuaded, or enticed the girl, Mabel Roan, to go from Parkersburg, in the state of West Virginia, to Marietta, in the state of Ohio, by means of the Baltimore & Ohio Railroad and the traction line operating between Parkersburg and Marietta * * * that he is guilty under the statute."

Here was a positive, unequivocal statement by the court to the effect that Parkersburg was located in the state of West Virginia, and if the statement had been incorrect the defendant then and there, before the jury had retired from the box, had the right to object to the same upon the ground that no evidence had been introduced to support such statement. However, counsel remained mute and made no objection whatever, and under these circumstances we think that it is now too late to undertake to raise this question. It would, indeed, be an absurdity, in a case where it was shown that an offense had been committed at a point within a district at which regular terms of the court were held annually, to hold that the proof was not sufficient to establish the fact that the offense had been committed within the jurisdiction of the court.

"The venue may be proved by circumstantial evidence, and proof beyond a reasonable doubt is not required." Underhill's Criminal Evidence, § 36, p. 45.

Also in the same work (section 45, p. 45) it is stated:

"The trial court will take judicial notice of general geographical facts, and therefore will take judicial notice of the fact as to the location of a city."

[3] It is also urged that the court erred in striking out the plea in abatement tendered by the defendant. The court below held that this plea was tendered too late. The indictment in this case was found at the October term, 1913. The defendant was first tried thereon at the November term, 1913, at which time he entered a plea of not guilty. The jury returned a verdict of guilty, and the case was brought here by writ of error, as we have stated, and the judgment of the court below was reversed. No plea in abatement was filed or ten-

dered until the May term, 1916, at which time nearly three years had elapsed, and also at a time after the offense would have been barred, if the plea had been sustained. The action of the court below in refusing to consider the plea, under the circumstances, was eminently proper. Agnew v. United States, 165 U. S. 36, 17 Sup. Ct. 235, 41 L. Ed. 624; Hyde and Schneider v. United States, 225 U. S. 347, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Carter v. Texas, 177 U. S. 442, 20 Sup. Ct. 687, 44 L. Ed. 839; United States v. Gale, 109 U. S. 65, 3 Sup. Ct. 1, 27 L. Ed. 857.

[4] Even if the plea had been tendered in due time, we think the grounds upon which it was based were insufficient. It simply stated that "there was no colored person of African descent on the grand jury which found said indictment." This allegation fails to state that colored jurors were excluded solely because of their race. In other words, it was not shown that the negro race had been discriminated against. In other words, it was not alleged in the plea that in the preparation of the jury list for the term at which the defendant was indicted the negro race had been discriminated against, nor was it shown by the plea or the evidence proffered that the name of any colored man who was otherwise qualified had been stricken from the grand jury list on account of his race. The following statement is to be found in the Encyclopedia of United State Supreme Court Reports, volume 3, pages 831 and 832:

"No person charged with a crime involving life, liberty, or property is entitled, by virtue of the Constitution of the United States, to have his race represented upon the grand jury that may indict him, or upon the petit jury that may try him. So far as the Constitution of the United States is concerned, service upon grand and petit juries in the courts of the several states may be restricted to citizens of the United States. But while a colored citizen, party to a trial involving his life, liberty, or property, cannot claim, as a matter of right, that his race shall have representation on the grand or petit jury, and while a mixed jury, in a particular case, is not, within the meaning of the Constitution, necessary to the equal protection of the laws, it is a right to which he is entitled that, in the organizing of the grand jury and in the selection of jurors to pass upon his life, liberty, or property, there shall be no exclusion of his race, and no discrimination against them, because of their color."

[5] It is also insisted that the court below erred in refusing to grant a change of venue. It was within the sound discretion of the court to determine this question. The affidavits in support of this motion, as well as the affidavits filed in opposition thereto, were considered by the court in disposing of the same. We find nothing in the record to show that there was an abuse of discretion in this instance, nor do we find that the refusal of the court to grant this motion prejudiced the rights of the defendant. Therefore we think this contention is without merit.

[6] It is further insisted that the court erred in refusing to require the attendance of a member of the colored race to serve on the jury at the trial of the defendant. We think that what we have said in regard to the plea in abatement disposes of this point. However, it may not be amiss to quote from the case of Virginia v. Rives, 100

U. S. 313, 25 L. Ed. 667, the seventh syllabus of which is in the following language:

"The defendant moved in the state court that the venire be so modified that one-third or some portion of the jury should be composed of his own race. The denial of that motion was not a denial of a right secured to him by any law providing for the equal civil rights of citizens of the United States, or by any statute, or by the Fourteenth Amendment. A mixed jury in a particular case is not essential to the equal protection of the laws. It is a right to which any colored man is entitled that, in the selection of jurors to pass upon his life, liberty, or property, there shall be no exclusion of his race, and no discrimination against them, because of his color. But that is a different thing from that which was claimed, as of right, and denied in the state court, viz., a right to have the jury composed in part of colored men."

Counsel for defendant, before the trial commenced, asked the court below to certify that no colored man was a member of the grand jury that found the indictment, that the colored man was being discriminated against, and he further asked the court to certify that there had been no colored man on the grand jury in the Northern district of West Virginia within ten years prior to that date. In response to these requests the court said:

"Court: I will not certify anything of the kind, because I happen to know that that is not true. There have been colored men drawn. I don't know whether they have served or not, but I know I have seen them in my court.
"Mr. Blizzard: Will you, then, allow us to show that we offer to prove it?
"Court: No; I will not. I will certify that I overruled this motion, and I will further allow you to prove that there was no colored man on the jury that found this indictment and that there is no colored man summoned here at this term; but that is as far as I can go."

As we have stated, there is nothing in the record to show that colored jurors were excluded by the court or those acting under it. Under these circumstances, we do not think the assignment of error as to this point has any merit.

[7] It is further insisted that there was a fatal variance, in that it is alleged in the indictment that the offense was committed on the ———— day of September, 1912, and that the proof shows that the transportation occurred the latter part of August or the first of September, 1912, the date not being positively established, although the proof tends to show that it occurred between the 4th and 5th of September. In the case of Ledbetter v. United States, 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162, the Supreme Court said:

"Good pleading undoubtedly requires an allegation that the offense was committed on a particular day, month, and year; but it does not necessarily follow that the omission to state a particular day is fatal upon a motion in arrest of judgment. Neither is it necessary to prove that the offense was committed upon the day alleged, unless a particular day be made material by the statute creating the offense. Ordinarily, proof of any day before the finding of the indictment, and within the statute of limitations, will be sufficient."

The case of Matthews v. United States, 161 U. S. 500, 16 Sup. Ct. 640, 40 L. Ed. 786, is also very much in point.

[8] Counsel for plaintiff made a strong appeal to this court on the ground that the evidence was not sufficient to satisfy the jury beyond a reasonable doubt as to the defendant's guilt. This is a matter which

could only have been considered by the court below on a motion to set the verdict aside. The witness, Mabel Roan, testified positively as to the guilt of the defendant. This evidence was contradicted by the defendant, and there was also evidence offered by the defendant tending to establish an alibi; but even on this point there was a conflict. There being a conflict, and the jury having determined the matter, this court will not interfere.

We have carefully considered the assignments of error which relate to the testimony that was excluded by the court below, but find no error in the action of the court as respects the same.

For the reasons stated, we are of opinion that the judgment of the court below should be affirmed.