## LEVINSON v. UNITED STATES.
### No. 5742.

Circuit Court of Appeals, Sixth Circuit.
March 5, 1931.

Leonard H. Freiberg and Nathan Vigran, both of Cincinnati, Ohio., for appellant.

Frank J. Hier, of Cincinnati, Ohio (Haveth E. Mau, of Cincinnati, Ohio, on the brief), for the United States.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

Levinson, with four others, was indicted under section 37 of the Penal Code (18 USCA, § 88) for a conspiracy to violate section 29b (11 USCA § 52(b) of the Bankruptcy Act, the charge being that the defendants conspired among themselves, in contempla-

tion of the bankruptcy of the Standard Outfitting Company, to conceal from the trustee in bankruptcy thereafter to be appointed certain property belonging to the bankrupt estate. Upon the trial the case was dismissed as to two of the defendants. Another, Heckle, pleaded guilty and was sentenced. The other two, Levinson and Murphy, were convicted. Levinson appeals.

The Standard Outfitting Company was a corporation engaged in selling furniture at retail. Rebecca Levinson, the wife of appellant, nominally owned all of its corporate stock. Appellant managed the company, made its purchases, paid its employees, and perhaps actually owned the company. The evidence shows that he made large purchases of furniture on behalf of the company and turned the furniture over to Murphy to be disposed of. The government contends that this was done to force the company into bankruptcy and conceal the furniture or the proceeds of the sale thereof from its trustee. The defendants admitted buying the furniture, turning it over to Murphy, and the bankruptcy of the outfitting company. Their defense was, especially as to Murphy, that Murphy had loaned money to Levinson and to the outfitting company which they were unable to pay, and, in order to collect his debts, Murphy took the furniture in payment thereof.

Two errors are assigned: The first is that the court should have directed a verdict of not guilty. We think the indictment sufficiently charged a conspiracy and that there was substantial evidence to support it. Israel v. United States, 3 F. (2d) 743 (6 C. C. A.). The other error relates to the court's charge. It appears that counsel for Murphy requested the court to charge the jury that if Murphy, by advances which he had made to the outfitting company, had become a creditor of that company, and was a creditor of it at the time the furniture transactions took place, it was not a criminal offense for him to undertake to get a preference or to get property from the company in payment of the debts which the company owed him. The court refused to give this charge, but stated to the jury that Murphy would be a creditor of the Standard Outfitting Company to the extent of any money that he had advanced to it, and that for any money he had advanced to Levinson personally he would be a creditor to that extent of Levinson; and then added: "Now the nub of this whole case is whether or not in doing that, in their transactions, they have violated section 29b of the Bankruptcy Act.

That is the nub of the whole business; in other words, whether their course of conduct has been such that they took away from the Standard Outfitting Company the assets of that company, thereby resulting in leaving that company bankrupt and insolvent." Upon further explanation by counsel of their purpose in requesting the charge, the court reiterated that it was not an unlawful act, standing alone, for Murphy to attempt to get possession of furniture in order to repay himself for money which he had advanced to the outfitting company, adding: "But being responsible for the natural consequences of his own acts, if that act or those acts of his, in conjunction with the corresponding acts of Levinson in manipulating and transferring the possession and ownership of furniture that had become a charge on the books of the manufacturers against the Standard Outfitting Company, a corporation—if the net result of all those transactions was to make that corporation insolvent, and at the same time you find that both Murphy and Levinson or any other of the defendants, conspired so to do, and committed an overt act in pursuance of the conspiracy, then it would be an unlawful act, and the result of that would be an unlawful act as condemned by section 29b of the Bankruptcy Act." To the refusal of the court to give the requested charge and to the instructions with reference thereto as given the defendants excepted.

 We think the instructions were erroneous. The offense with which defendants were charged was conspiracy to commit an offense against the United States by violating section 29b of the Bankruptcy Act. Whether they committed an offense in fact is immaterial if they conspired to do so and committed an overt act in furtherance of their conspiracy. The defense was that the furniture was delivered to Murphy in satisfaction of debts which the outfitting company owed him. It was a defense that was available to both defendants. There was substantial evidence to support it. By paying a debt with property a debtor cannot make himself insolvent, unless the property used to pay with was worth more than the debt. Accordingly the purchase of furniture on credit and the use of it at its fair value to pay debts of the corporation would not be a violation of section 29b of the Bankruptcy Act, even though it were a preference; nor would an agreement to do this be a conspiracy to conceal assets. The parts of the charge referred to might very reasonably have been construed by the jury to mean that the turning of the property over

to Murphy in payment of debts due him by the outfitting company, if it caused the bankruptcy, was a concealment of assets. We think it was error to give a charge susceptible of that construction.

The judgment is reversed and the cause remanded for a new trial.