Carl Hargis SCOTT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7617.

United States Court of Appeals Fourth Circuit.

Argued April 18, 1958.

Decided April 25, 1958.

Robert G. Cabell, Jr., Richmond, Va. (Court appointed counsel), for appellant.

Lafayette Williams, Asst. U. S. Atty., Greensboro, N. C. (Robert L. Gavin, U. S. Atty., Greensboro, N. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

The appellant was convicted in the United States District Court for the Middle District of North Carolina under an indictment charging him in two counts with transporting stolen vehicles in interstate commerce with knowledge that they had been stolen. 18 U.S.C.A. § 2312.

On June 1, 1957, the appellant, Carl Hargis Scott, and Clyde Ingram obtained seven automobiles from Valley Motor Company in Prestonsburg, Kentucky, upon a check signed by the appellant in the name of S. & I. Sales, a non-existent business. The check was drawn on a bank in which neither Scott nor Ingram had an account. Among the seven vehicles were a Chevrolet and a Plymouth. On June 3, 1957, Scott drove the Plymouth and Ingram the Chevrolet to High Point, North Carolina.

The first count charged both defendants with transporting the Chevrolet, and the second count was identical to the first except that it related to the Plymouth. Each defendant was convicted on both counts, and Scott received a five-year sentence on the first count and a three-year sentence on the second, to run consecutively.

Scott advances three grounds for reversal, the first two of which are patently insubstantial. One is that Scott's motion, before trial, under Rule 21(b), F.R. Crim.Proc. (18 U.S.C.A.), to transfer the case to the District Court for the Eastern District of Kentucky, should have been granted. He claimed that witnesses residing in the Eastern District of Kentucky could prove that he paid cash for

the vehicles described in the indictment, but that he was financially unable to provide transportation for the witnesses. The Court denied the motion but directed the United States Attorney to issue subpoenas for three witnesses to be named by Scott. Scott named three; two were served and testified at the trial; the third witness, Scott's wife, could not be found at the address given by Scott, was not served and did not appear.

The question of transfer under Rule 21(b) was, as the Government contends, within the Court's discretion, and its action can be reversed only for an abuse of that discretion. Younge v. United States, 4 Cir., 1917, 242 F. 788; Kott v. United States, 5 Cir., 1947, 163 F.2d 984, certiorari denied 333 U.S. 837, 68 S.Ct. 609, 92 L.Ed. 1122. We find no abuse here.

Secondly, the appellant urges that the vehicles were not "stolen" within the meaning of 18 U.S.C.A. sec. 2312. While, at one time, the circuits were in conflict as to whether stolen included the crime of "false pretenses," the Fourth Circuit was among those holding that it did. Boone v. United States, 4 Cir., 1956, 235 F.2d 939. The conflict was resolved, however, in United States v. Turley, 1957, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed. 2d 430, where the view held by this court was adopted.

Scott's remaining point is that as he drove only one of the cars, he could not be guilty of transporting the other. The answer is that one need not drive a vehicle to transport it. It is sufficient that the appellant was a principal and co-captain of the enterprise. United States v. Antrobus, 3 Cir., 1951, 191 F.2d 969, 972, certiorari denied 343 U.S. 902, 72 S.Ct. 637, 96 L.Ed. 1321; Barfield v. United States, 5 Cir., 1956, 229 F.2d 936. The record here clearly indicates the appellant's interest in procuring the transportation of both vehicles, which were part of the fruits of the bogus checks he issued.

When forbidden conduct is extended in duration or elaborate in its phases, it is not always easy to determine the proper unit for purposes of prosecution. In some instances each day's action or inaction is made a separate offense; in others a longer course of action constitutes a single offense. See: In re Snow, 1887, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658; Braverman v. United States, 1942, 317 U.S. 49, 53, 63 S.Ct. 99, 87 L.Ed. 23; United States v. Universal C. I. T. Credit Corp., 1952, 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260.

If one steals several letters from a mail box or other depository of mail on a single occasion, it is generally prosecuted as a single offense, e. g., Smith v. United States, 6 Cir., 1954, 211 F.2d 957; but where he cuts into two mail bags at the same time with intent to steal their contents, it has been held that he may be punished for two offenses. Ebeling v. Morgan, 1915, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151. Where to draw the line, in the absence of clear statutory delineation, presents a problem to one's judgment and sense of fairness.

The appellant cites Rayborn v. United States, 6 Cir., 1956, 234 F.2d 368, which held that where the defendant transported a load of stolen firearms from Kentucky to New York, it was a single violation of the statute which makes it a crime for a fugitive from justice to transport, in interstate commerce, any firearm or ammunition. He also relies on Bell v. U. S., 1955, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905, where the transportation of two women in one vehicle on an interstate trip for an immoral purpose was held to constitute a single violation of the Mann Act. We think these are distinguishable from the instant case. Each involved a single act of transportation in a single vehicle, and there was reason enough to say that the prosecutor should not be permitted to proliferate the offense. Cf. Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed. 2d 370. Here the appellant transported personally one vehicle and was instrumental in transporting another. The

acts of transportation were separate and distinct. He is not entitled to telescope the two offenses into one.

The judgment will be

Affirmed.