UNITED STATES of America,

v.

KIMBALL SECURITIES, INC., Milton R. Aronson, Sylvan B. Aronson, et al., Defendants.

United States District Court
S. D. New York.
March 16, 1960.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for U. S., by Jerome J. Londin, Asst. U. S. Atty., New York City, of counsel.

Sylvan B. Aronson, Garden Grove, Cal., in pro. per., and as Atty. for Milton R. Aronson for purpose of this motion only.

IRVING R. KAUFMAN, District Judge.

Defendants Sylvan B. Aronson and Milton R. Aronson move, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, 18 U.S.C., for an order removing their prosecution to the United States District Court for the Southern District of California. In support of this application the movants allege that since they reside in California, have their respective businesses there and expect to call many witnesses, both as to character and on the merits, from in or near that state, they should be spared the expense and inconvenience of conducting their defense in New York. They do not allege, however, that the action has been brought in the Southern District of New York in order to harass and inconvenience them nor do they deny that venue in this district is proper.

Indeed, it is clear that this district is the most logical and convenient

one in which to hold the trial. The indictment in the instant case alleges twenty-nine substantive counts in violation of various sections of 15 U.S.C.A. 2A, and aiding and abetting such violations under 18 U.S.C. § 2. The thirtieth count alleges a conspiracy to commit those offenses. Movants are named in each of the thirty counts, and there are 18 other named defendants, most of whom live in or near this district. Briefly stated, the indictment charges a fraudulent scheme for the sale of worthless stock to be accomplished by means of letters, telephone calls and misleading advertising, all of which emanated from the district in which this court is located and were directed to recipients in or near this district. That being so, not only do most of the defendants reside nearby, but most of the witnesses and documents are also to be found here.

Rule 21(b) provides:

"The court upon motion of the defendant shall transfer the proceedings as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

It is well established that transfer pursuant to Rule 21(b) is within the discretion of the district court. See, e. g. Scott v. United States, 4 Cir., 1958, 255 F.2d 18. It is also clear from the rule that, unlike the situation under Rule 21 (a), a transfer under Rule 21(b) can only be made to a district or division where the offense took place.

■■■ With respect to the conspiracy count, since overt acts committed in the Southern District of California are alleged in the indictment, venue in that district would be proper as to all the alleged conspirators, including these movants. It is doubtful, however, that venue would be proper in the Southern District of California as to any of the twenty-nine substantive counts.[1] Assuming, however, that venue would be proper in that district and thus that Rule 21(b) would be applicable, I am of the opinion that the trial of all counts and all defendants in this district will lead to the fairest and most equitable handling of the entire case and that a transfer is not necessitated by "the interest of justice".

---

1. All of the substantive counts deal with mailings or telephone calls from the Southern District of New York to other districts, none of them in the Southern District of California. It is well established that the mailings and telephone calls are the gist of those substantive offenses. See Frank v. United States, 10 Cir., 1955, 220 F.2d 559; Harper v. United States, 8 Cir., 1944, 143 F.2d 795. Thus venue would be proper in the district from which the communication was sent, the district in which it was received, or any district in between. See 18 U.S.C. § 3237. But I am advised that none of these communications even passed through the Southern District of California.

In fact, movants cite as acts placing venue in California, only two of the overt acts alleged in support of the conspiracy count, and neither of these have to do with the allegedly unlawful communications charged in the indictment. Furthermore, even though the movants are apparently also charged as aiders and abettors, and venue would be proper not only where the substantive crime took place but where the acts of aiding and abetting occurred, see United States v. Gillette, 2 Cir., 1951, 189 F.2d 449, 451–452; United States v. Klosterman, D.C.E.D. Pa.1947, 147 F.Supp. 843, 847, there is no allegation in the indictment as to any act of aiding and abetting which took place in the Southern District of California.

However, it is possible, though from the face of the indictment unlikely, that a bill of particulars would disclose such acts, and it is on the basis of such bare possibility that I shall go on to dispose of the motion for transfer on its merits.

Defendants allege nothing more than expense and inconvenience as grounds for this transfer. While these grounds may be sufficient in certain circumstances, see United States v. National City Van Lines, D.C.S.D.Cal.1948, 7 F.R.D. 393, 397–398, and this may be so even though the transfer would necessitate a severance and separate trials, see United States v. Erie Basin Metal Products Co., D.C.Md.1948, 79 F.Supp. 880, 885–886, the decision is still discretionary. In the instant case all factors militate in favor of holding the trial in the Southern District of New York. This is not a case wherein the government has seized upon some minimal jurisdictional contact with a district in order to bring a case in a district it finds more convenient or advantageous. Most of the criminal acts charged in the indictment took place in or near the Southern District of New York. The center of the allegedly fraudulent scheme was in New York City. Most of the defendants live in or near this district, as do most of the potential witnesses for both sides, and the greatest part of the documentary evidence is likewise nearby. Thus, conducting the trial in this district will be more convenient not only for the government, but for most of the defendants. Moreover, the movants have made no showing other than its contention that it would be more convenient to be tried where they reside than in another district. They have made no showing of any inability to hire counsel in this district or that it will be impossible to present necessary witnesses here, or that they will be financially unable to defend themselves in this district. In fact, since the defendants are alleged to have been part of a broad fraudulent scheme centered in this district, it is quite likely that if these movants were given a separate trial in the Southern District of California they would be required to bring many witnesses from New York to California.

Taking all the above circumstances into account, it appears that the movants will not be subjected to any undue hardship by being tried in this district, and a transfer to the Southern District of California would not be "in the interest of justice."

Motion denied. So ordered.