**UNITED STATES cf America,
Plaintiff-Appellee,**

v.

**Joe Edward GUNTER, Defendant-
Appellant.**

**No. 16206.**

United States Court of Appeals
Seventh Circuit.

April 1, 1968.

Charles R. LeMaster, Fort Wayne, Ind., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Defendant Gunter was convicted by a jury, of violating the Dyer Act, 18 U.S.C. Sec. 2312[1] by transporting a stolen Oldsmobile automobile from Kentucky to Indiana with knowledge it was stolen. A sentence of three years was imposed. He has appealed. We affirm.

On Saturday, September 12, 1964, Gunter bought an Oldsmobile from Hughes, an automobile dealer in Prestonburg, Kentucky. He gave Hughes a check for $1,380 as a down payment. The check was drawn against a savings account in the First National Bank of Prestonburg.

The Prestonburg Bank did not honor the Gunter check when Hughes presented it on Monday. Hughes attempted to locate Gunter or the Oldsmobile but was unsuccessful. The Oldsmobile was recovered three or four weeks later, in Indiana. Gunter was indicted in February, 1965. He was arrested in November, 1965, in Florida, but absconded. He was re-arrested in Indiana in December, 1966.

The issue is whether Gunter's taking of the Oldsmobile comes within the meaning of "stolen" as that term is used in the Dyer Act. Gunter contends that since he informed the automobile dealer that he had a savings account and not a checking account at the Prestonburg Bank he made no false representation in obtaining the car. There is no showing that his savings account was insufficient to cover the check. He argues accordingly that the transaction was not fraudulent and the Oldsmobile not stolen. The government argues that the "worthless" check, plus other circumstances in the transaction, clearly prove the Oldsmobile was stolen within the meaning of the Act.

The Supreme Court in United States v. Turley, 352 U.S. 407, at p. 417, 77 S.

Ct. 397, at p. 402, 1 L.Ed.2d 430, construed broadly the term "stolen" in the Dyer Act and held that the term "includes all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership * * *." The Court stated that Congress presumably wanted to meet effectively the need for federal action in interstate stealing of automobiles, "rather than to leave loopholes for wholesale evasion." It reversed a district court[2] which held that embezzlement of an automobile was not "stealing."

Subsequently, in Scott v. United States, 4 Cir., 255 F.2d 18, a Dyer Act conviction was affirmed on proof that Scott obtained vehicles using a check signed in the name of a non-existent firm and drawn on a bank where Scott had no account. Later, in Landwehr v. United States, 8 Cir., 304 F.2d 217, the court held that a motor vehicle obtained by giving of an insufficient funds check was "no less 'stolen' than one acquired by the giving of a check on a non-existent account." The court said that in both situations the checks were "worthless," since neither could be cashed. The defendant in United States v. Durham, 4 Cir., 319 F.2d 590, presumably did not challenge his conviction on the ground that using a forged check to obtain an automobile was not a stealing. However, in a footnote, p. 592, the court noted that use of "false pretenses, such as by use of a bogus check" was "stealing."

■ In view of this decisional history it is a short step to our holding that on the facts in this record, taken most strongly in the government's favor, the jury was justified in finding Gunter guilty of transporting the Oldsmobile from Kentucky to Indiana knowing that it was "stolen."

Gunter gave Hughes the check on Saturday, when the Bank was closed,

1. Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

2. This was a direct appeal to the Supreme Court under 18 U.S.C. § 3731.

and induced Hughes to turn over possession, before the check could be presented to the Bank. Gunter then took the Oldsmobile to Tennessee, with permission from Hughes based on the lie that he was going to attend his father's funeral. Gunter drove two thousand miles after leaving Prestonburg, did not return the following week as he had agreed to do, and attempted unsuccessfully to sell the Oldsmobile to a friend, who declined after learning from Hughes that title had not been formally transferred to Gunter. This record provides ample support for the conclusion that Gunter's actions were designed to obtain possession of the automobile by fraud or to illegally maintain possession of the automobile by flight.

There is no merit in the claim that the evidence is insufficient because no witness from the Bank was called to prove the balance in the savings account. That is not an element of proof in the case before us. The case of Murphy v. United States, 5 Cir., 206 F.2d 571, is an insufficient funds check case, where proof of felonious intent required proof of the bank balance when the checks were drawn because of the absence of other indications of fraud.

Affirmed.