**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Gerald D. GOFF, Defendant-Appellant.**

**No. 17809.**

United States Court of Appeals,
Seventh Circuit.

July 28, 1970.

Rehearing Denied Aug. 19, 1970.

Nick J. Thiros, Gary, Ind., Julius Lucius Echeles, Frederick F. Cohn, Jo-Ann F. Wolfson, Chicago, Ill., for defendant-appellant.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., Richard L. Kieser, South Bend, Ind., for plaintiff-appellee.

Before MAJOR and CASTLE, Senior Circuit Judges, and KILEY, Circuit Judge.

CASTLE, Senior Circuit Judge.

Gerald D. Goff, the defendant-appellant, prosecutes this appeal from a judgment order of conviction and sentence entered following his trial before the court without a jury on an indictment charging him with interstate transportation of a woman for purposes of prostitution, in violation of 18 U.S.C. § 2421. He was sentenced to five years imprisonment.

As grounds for reversal the defendant contends (1) the evidence is insufficient to establish illegal intent at the time when the defendant and the woman allegedly transported for purposes of prostitution crossed the State line; (2) he was prejudicially impaired in the preparation of a defense because the name of the alleged victim was neither pleaded in the indictment nor provided by the government when requested in defendant's motion for a bill of particulars; and (3) that he was prejudiced by improper cross-examination.

To the extent that there is conflict between the testimony of the woman transported and the defendant, the trial court is the judge of the credibility of the witnesses; and the evidence, together with all reasonable inferences which may be drawn therefrom, must at this juncture be taken in the light most favorable to the government. Glasser v. United States, 315 U. S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Mims, 7 Cir., 340 F.2d 851.

So viewing the evidence, we are of the opinion that the trial judge was fully warranted in concluding that prior to and at the time of the transportation of the woman across the Michigan-Indiana state line the defendant had as his purpose that she should engage in prostitution in Indiana. From the testimony of Marion Chadwick, the woman transported, it appears that on defendant's part the interstate transportation from its inception had no other purpose. She testified that after finishing work at about 11:00 p.m., December 7, 1967, at the Benton Harbor, Michigan, hotel where she was employed, she went to a party at a St. Joseph, Michigan, motel at the invitation of Donald Finehout. She was driven to the party by two men Finehout had introduced to her that afternoon. At the party she met the defendant for the first time. At about 1:00 or 1:30 a. m., December 8, when defendant and his friend Mike, whose last name she didn't know, were leaving the party she asked if they would take her home to Benton Harbor. The defendant, Goff, drove the car. She did not know the area well enough to be familiar with the route back to Benton Harbor but thought she was being taken home until after the two men made a stop at a club. The defendant and Mike went into the club, telling her that they would be back in fifteen minutes, and for her to wait in the car. When the car left

the club she realized for the first time that she wasn't being taken home. There was practically no conversation, and later Mike put a blindfold on her. She was taken to a house in South Bend, Indiana, which Goff said he owned. She engaged in sexual intercourse as an unwilling participant with the defendant; she was eighteen years of age at the time. In the morning Goff told her that she was going to be a prostitute, and that he was a pimp. That afternoon the defendant took her to a cafe in Gary, Indiana, where she became a prostitute. The money she earned was given to Goff. On December 24, 1967, the defendant took her to another location, a hotel, where she worked as a prostitute for another pimp.

■ The existence of the requisite intent and purpose at the time the state line was crossed was here established by what immediately followed the transportation and the lack of any evidence, due to the resolution of credibility implicit in the court's ultimate finding, disclosing any other purpose of the transportation. Such intent and purpose may be proven by circumstantial evidence. Johnson v. United States, 10 Cir., 380 F.2d 810; United States v. Farber, 6 Cir., 336 F.2d 586; Baker v. United States, 9 Cir., 310 F.2d 924.

■ The indictment did not set forth the name of the woman allegedly transported,[1] and alleged November 28, 1967, as the date of the offense rather than the December 8, 1967, date proved at the trial. But, in the posture of this appeal, the trial court's denial of defendant's motion for a bill of particulars requesting the woman's name and address did not constitute prejudicial error requiring reversal of the conviction. Pretrial motions for continuances made by defendant, the first 19 days prior to trial, for the asserted purpose of securing time to obtain the presence of an "alibi" witness, one Mike Overmyer, stated that if called as defendant's witness Overmyer would testify that the woman "whom your petitioner believes to be the complaining witness and the alleged victim" was transported by Overmyer and not by the defendant, and not for the purpose of prostitution but to assist her to avoid persons to whom she had become indebted for narcotic purchases. It thus appears that as much as 19 days prior to trial the defendant was aware that the woman allegedly transported was the one taken to Indiana in the company of Mike Overmyer on the occasion here involved. And this is consistent with defendant's trial testimony concerning Marion Chadwick's presence in South Bend and Gary. Consequently, there is here no demonstration of any specific resulting prejudice to the defendant either from the denial of his bill of particulars request for the name of the woman allegedly transported (United States v. Wells, 7 Cir., 387 F.2d 807, 808) or because of the variance between the date alleged in the indictment and that proved at the trial (Younge v. United States, 4 Cir., 242 F. 788; United States v. Weldon, 2 Cir., 384 F.2d 772).

■ The government concedes the impropriety of certain questions put to the defendant on cross-examination which inferred that he had lied to the government agent who interviewed him following his arrest and his having been appropriately advised concerning his rights. But no objection was interposed to the questions, and the failure of the government to call the agent in rebuttal to establish its basis for asking the questions does not here serve to demonstrate the existence of such obvious and substantial error as would require reversal under the "plain error" test of Rule 52(b) of the Federal Rules of Criminal Procedure. This is especially

---

1. This omission did not make the indictment fatally defective. Blumenfield v. United States, 8 Cir., 284 F.2d 46. Cf. Collins v. Markley, 7 Cir., 346 F.2d 230, where this Court sitting en banc sustained the validity of an indictment for unlawful sale of a narcotic which omitted the name of the alleged purchaser, and overruled its previous decision in Lauer v. United States, 7 Cir., 320 F.2d 187.

so where, as here, the trial was to the court without a jury.

The judgment order of conviction and sentence is affirmed.

Affirmed.