Max T. EDWARDS and Gilbert Edwards, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16057.

United States Court of Appeals Ninth Circuit.

April 7, 1959.

Preston, Thorgrimson & Horowitz, Charles Horowitz, Seattle, Wash., for appellants.

Charles P. Moriarty, U. S. Atty., Joseph C. McKinnon, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before STEPHENS, Chief Judge, HAMLEY and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

By indictment returned December 13, 1956, the appellants were charged with violation of Section 152, Title 18 U.S. C.A. The relevant portions of that section provide:

"Whoever knowingly and fraudulently conceals from the receiver, custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or from creditors in any bankruptcy proceeding, any property belonging to the estate of a bankrupt; **or**
\* \* \*

"Whoever, while an agent or officer of any person or corporation, and in contemplation of a bankruptcy proceeding by or against such person or corporation, or with intent to defeat the bankruptcy law, knowingly and fraudulently transfers or conceals any of the property of such person or corporation; * * *

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

The indictment contained 21 counts; the first 20 counts charged both appellants, and the 21st charged only the appellant Gilbert Edwards.

Count 3 of the indictment reads as follows: "That on and after May 7, 1953 at Seattle in the Northern Division of the Western District of Washington, Max T. Edwards and Gilbert Edwards did knowingly and fraudulently conceal from the receiver, custodian, trustee, marshal, and other officers of the court charged with the control and custody of property, and from creditors in a bankruptcy proceeding, property belonging to the estate of a bankrupt, to wit, Edwards Shaver Departments, Incorporated, to wit, the sum of $4,000.00.

"All in violation of 18 U.S.C. [§] 152."

Counts 6, 8, 12, 15, 18, 20 and 21 contain exactly the same language as appears in count 3 except as to the amount or type of property concealed, and in this respect count 6 alleges the concealment of $15,000; count 9, $5,000; count 12, $7,500; count 15, $2,000; count 18, $3,-000; count 20, one cash register; and count 21, one adding machine.

Counts 1, 4, 7, 10, 13 and 16 charged that on or prior to certain specified dates in December 1952 and January 1953, the earliest date being December 15, 1952 and the latest date being January 22, 1953, the appellants wrongfully and unlawfully conspired to commit offenses against the laws of the United States, to wit, Section 152 of Title 18 U.S.C.A., in that being officers and agents of a corporation, Edwards Shaver Departments, Incorporated, and in contemplation of a bankruptcy proceeding by and against

said corporation and with intent to defeat the bankruptcy law, to knowingly and fraudulently transfer and conceal property of the corporation, and to effect the object of the conspiracy the appellant Max T. Edwards transferred from Seattle, Washington, to Vancouver, British Columbia, the sums of money respectively set forth in counts 3, 6, 9, 12, 15 and 18.

Counts 2, 5, 8, 11, 14 and 17 charged that on or about the same dates in December of 1952 and January of 1953, as specified in the conspiracy counts, the appellants, being officers and agents of the corporation, in contemplation of a bankruptcy proceeding by and against the said corporation and with intent to defeat the bankruptcy law, did knowingly and fraudulently transfer to Vancouver, British Columbia, the sums of money respectively set forth in the conspiracy counts.

Count 19 charged that on or about May 6, 1953, the appellants, being officers and agents of the corporation, in contemplation of a bankruptcy proceeding by and against the corporation, and with intent to defeat the bankruptcy law, knowingly and fraudulently transferred to Vancouver, British Columbia, one cash register, the property of the corporation.

Jury verdicts were returned finding each appellant not guilty of the offenses set forth in counts 1, 2, 4, 5, 7, 8, 10, 11, 13, 14, 16 and 17.

Jury verdicts were returned finding the appellants guilty of the offenses set forth in counts 3, 6, 9, 12, 15, 18, 19, and 20. A jury verdict was returned finding the appellant Gilbert Edwards guilty of the offense set forth in count 21.

At the close of the appellee's case, the appellants moved the court for a judgment of dismissal as to each count of the indictment, which motion was denied. The motion was predicated upon the insufficiency of the evidence. Following the return of the jury verdicts, the appellants moved the court, pursuant to Rule 29, Federal Rules of Civil Procedure, 28 U.S.C.A., for a judgment of acquittal as to the counts on which guilty

verdicts were returned, and for a new trial pursuant to Rule 33, Federal Rules of Civil Procedure. The district judge denied both motions.

The appellant Max T. Edwards was committed to the custody of the Attorney General for a period of three years on count 19 of the indictment, and for the same period of time on each of counts 3, 6, 9, 12, 15, 18, and 20, the sentences on each of such counts to run concurrently with the sentence imposed on count 19. The appellant Gilbert Edwards was committed to the custody of the Attorney General for a period of two years on count 19 of the indictment, and for the same period of time on each of counts 3, 6, 9, 12, 15, 18, 20 and 21, the sentences on each of such counts to run concurrently with the sentence imposed on count 19.

The appellants seek reversal of the judgments pronounced and sentences imposed upon them on several grounds, which may be summarized as follows: that the evidence is insufficient to sustain the order of the trial court denying appellants' motion for judgment of acquittal made at the close of the plaintiff's case; that the evidence is insufficient to sustain a conviction of either appellant on any of the counts on which they were convicted; that the district court prejudicially erred in rulings on evidence; that the district court prejudicially erred in denying appellants' motions for judgment of acquittal and a new trial; that the district court prejudicially erred in failing to instruct the jury on certain issues of law; and that, as to appellant Max T. Edwards, the venue laid was not proved.

Before considering these specifications of error, we will briefly outline the history of this case leading up to the return of the indictment against the appellants.

The appellant Max T. Edwards is a Canadian subject. Prior to 1946 and since, he was the owner and manager of a retail shaver business in Vancouver, British Columbia, known as Edwards, Ltd. Since 1949 he has owned and operated a retail cutlery business in Vancouver under the name of Lewis Cutlery, Ltd. In 1946 he commenced his own retail shaver business in Seattle, Washington, under the name of Edwards Electric Sales and Service Company. This business was incorporated in 1946, under the laws of the State of Washington, and Max T. Edwards became and remained the sole stockholder. In 1946 he organized a corporation under the laws of the State of California, under the name of Edwards Electric, Inc., to operate retail shaver stores in California. The names of these two corporations were later changed to Edwards Shaver Departments, Incorporated. Originally the two corporations were treated as separate entities, but by 1952 they were operated for all practical purposes as one corporation. Both appellants were officers and directors of both corporations, appellant Max T. Edwards being the president. The appellant Gilbert Edwards became associated with these corporations in 1949, and was the manager of concessions and the principal assistant to Max T. Edwards in the operation of the business of the corporations.

On March 27, 1953, an involuntary petition in bankruptcy was filed against the California corporation. On March 11, 1953, a receiver for the Washington corporation was appointed by a Washington state court on application of petitioning creditors. On May 7, 1953, an involuntary petition in bankruptcy was filed against the Washington corporation on application of petitioning creditors. The bankruptcy proceedings in California were dismissed on condition that all assets be transferred to Washington, and that the two corporations be treated as one for the purposes of the proceeding. The record does not disclose the date on which a receiver or trustee was first appointed by the Federal Court in Washington, but the first adjudication in bankruptcy was on May 27, 1953.

We have carefully reviewed the transcript of the record in this case and, for the reasons hereinafter set forth, have reached the conclusion that the judgments pronounced must be reversed and

the case remanded to the district court for a new trial. Therefore, we deem it unnecessary to review in detail the evidence, both oral and documentary, upon which this case was submitted to the jury.

As noted above, the appellants were acquitted of the charges contained in six counts of the indictment alleging conspiracy to transfer and conceal the sums of money mentioned above. The appellants were likewise acquitted on six counts of transferring the same sums of money in contemplation of the bankruptcy proceeding and with intent to defeat the bankruptcy laws. Six of the counts on which appellants were convicted charged the appellants with concealment on and after May 7, 1953 of the same sums of money referred to in the twelve counts upon which they were acquitted. One count on which the appellants were convicted charged the appellants with concealing on and after May 7, 1953 a cash register belonging to the bankrupt corporation. One count upon which the appellants were convicted charged on or about May 6, 1953 the appellants, being officers and agents of the corporation, in contemplation of a bankruptcy proceeding by or against the corporation, and with the intent to defeat the bankruptcy laws, knowingly and fraudulently transferred the same cash register. In addition, the appellant Gilbert Edwards was convicted on one count of the indictment charging him with concealing on and after May 7, 1953 an adding machine belonging to the corporation.

The indictment charged both appellants with seven separate offenses and the appellant Gilbert Edwards with an additional separate offense; all eight counts charged the fraudulent concealment of property belonging to the estate of the bankrupt corporation, to-wit, six specified sums of money, one specified a cash register, and one specified an adding machine. We hold that in law and in fact the eight charges constitute but one offense against each appellant. The eight counts were drawn under the first paragraph of Section 152, which we have quoted above, which denounces the fraudulent concealment of "any property belonging to the estate of a bankrupt". It is clear to us from the plain wording of the quoted language of Section 152 that Congress did not intend to denounce as a separate offense the concealment by the accused from the officer of the court charged with the control or custody of property, or from creditors, each separate piece, item or type of property belonging to the estate of a bankrupt, but clearly intended to characterize as one offense the fraudulent concealment by an accused of property belonging to the estate of a bankrupt. The gist of the offense charged in each of the eight counts against each appellant is the failure of each appellant to reveal or disclose on or after May 7, 1953, property belonging to the bankrupt. The value of the property concealed is immaterial so long as it is property belonging to the estate of a bankrupt. Surely, if an accused should conceal a dining room set, a china set, or one thousand silver dollars belonging to the estate of the bankrupt, his offense of failure to reveal or disclose would not be multiplied by the number of separate items concealed. The fact that several different items of property belonging to the estate of a bankrupt were concealed does not multiply the number of offenses, even though the concealment of any one of the items standing alone would constitute the offense denounced by the statute. The offense under the first paragraph of Section 152 does not arise until there is a duty to reveal or disclose, which duty under the terms of the indictment arose on or after May 7, 1953. The fact that the sums of money were transferred or concealed on different dates in December 1952 and January 1953 does not create any offense under the first paragraph of Section 152. There was then no officer of the bankruptcy court charged with the control or custody of such property, and there were then no creditors in any bankruptcy proceeding pending against the corporation. Hence there was no duty on the part of appellants to reveal or disclose such transfers on such specified dates.

From a review and appraisal of the record we are satisfied that a very close question as to the guilt or innocence of appellants on each count on which they were convicted was presented to the jury for decision.

The appellants did not contend at the trial that there were no transfers of property to Canada. Each testified that there were transfers of property of the type, in the amounts, and at the approximate times set forth in the indictment. Their position was that the transfers were not fraudulent or in contemplation of bankruptcy. In short, their contention was that the subsequent bankruptcy proceedings effected voidable preferences to the Canadian corporations, and that a voidable preference is not fraudulent and is not the subject of unlawful concealment. United States v. Alper, 2 Cir., 156 F.2d 222, and Levinson v. United States, 6 Cir., 47 F.2d 451.

The only issue of fact which the jury was required to determine was whether or not the transfer of the cash register as charged in count 19 was fraudulent, with the intent of defeating the bankruptcy law, and whether or not with respect to the remaining counts on which appellants were convicted there was knowing and fraudulent concealment by the appellants. The result is that guilt or innocence depended upon an intent or state of mind.

The appellee concedes in its reply brief "that there could have been no concealment on and after May 7, 1953 if none of the assets, or the proceeds of them, then were in the possession of, or available to, the appellants. * * * " and "that appellants could not be guilty of the charge in Count XIX of fraudulently transferring the cash register if they acted in good faith with an honest belief that what they were doing was right and proper, * * * " Furthermore, the appellee did not introduce any evidence as to what occurred to the money, the cash register, or the adding machine, after the transfer became complete, but rested on the presumption of continued possession after bankruptcy, which pre-

sumption, in our opinion, was seriously challenged by other evidence in the record.

In light of the thin line between guilt and innocence errors which might otherwise be harmless may be prejudicial. For that reason we will review two of the claimed errors of the district court in rulings on evidence. Over objection of the appellants the district court permitted the appellee to introduce evidence concerning the amount received by general creditors, percentagewise, from either the state court receiver, or the federal court trustee in bankruptcy, or both of them. For instance, one creditor of the bankrupt corporation testified he received $6,700 out of a $40,000 claim. Another creditor testified that percentagewise he received less than twenty per cent of his claim. Before this evidence was received the United States Attorney advised the court that this evidence was offered to show "the intent of the defendants in making the transfers alleged". No evidence was offered as to the amounts paid out by the trustee or receiver for expenses of administration or the manner in which the estate in bankruptcy was managed. No evidence was offered as to when the estate was liquidated. In our view, the prejudicial effect of such testimony clearly outweighed what little, if any, probative value it had.

Over the objection of the appellants the district court permitted the Washington state court receiver to testify to certain sales made by him of the property of the bankrupt corporation to a corporation organized by either or both of the appellants, and that one of the appellants negotiated the purchase on behalf of the purchaser. Apparently this sale was simply a step in the administration of the receivership. No impropriety of the purchase was shown. We are unable to see the relevancy of such testimony on the state of mind of either appellant as such state of mind may have existed on May 7, 1953, or on the date of the transfer of the cash register on or about March 6, 1953, as alleged in count 19, or on February 20, 1953, when

it was actually shipped. Obviously neither appellant could fraudulently intend at such earlier dates to purchase from a receiver property which did not become available for purchase until months later in the course of the administration of a receivership. We see no other purpose of such testimony except to permit the jury to infer an impropriety in the purchase. The ruling of the court was error and prejudicial to the appellants.

We do not deem it necessary to discuss other rulings on evidence by the district court or other specifications of error. In our opinion, the vice of the rulings of the court permeated all counts on which the appellants were convicted. In addition, the prejudice to the appellants was compounded by multiplying into eight offenses the one offense denounced by the first paragraph of Section 152.

The district court read to the jury as part of its instructions each and every count contained in the indictment. The reading of eight counts of concealment instead of one would create in the minds of the jury the impression that the appellants were engaged in a course of criminal conduct instead of being accused of the commission of only one offense of concealment.

█ In reversing the judgments entered in this case and remanding the case to the district court for a new trial, we are mindful of the general rule stated in Kiyoshi Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L. Ed. 1774; Fisher v. United States, 9 Cir., 254 F.2d 302, and many other cases, that where a defendant is convicted on several counts of an indictment and the sentences are ordered to run concurrently it is unnecessary on review to consider the validity of the sentences on all counts if the sentence on one of them is sustainable. This rule, however, has no application to this case for the reasons hereinabove set forth. The principle of law on which we rely is set forth in Wolcher v. United States, 9 Cir., 200 F. 2d 493, to the effect that where a reviewing court cannot say that a judgment of

conviction was not substantially swayed by error it must conclude that the errors are not harmless. Our view of this case was well stated in the Wolcher case at page 500, as follows:

"We cannot say that these errors are those which '(do) not affect substantial rights' and hence that they should be disregarded. The errors here listed require a reversal since in our judgment 'the error might have operated to the substantial injury of the defendant.' United States v. Grady, 7 Cir., 185 F.2d 273, 275."

The judgments against both appellants are reversed and the case is remanded to the district court with directions to grant the appellants a new trial.