**UNITED STATES of America,**
**Appellee,**

v.

**Earl Everett KALDENBERG, Appellant.**

**No. 24975.**

United States Court of Appeals,
Ninth Circuit.

June 25, 1970.

Robert J. Jaffe (argued), San Francisco, Cal., Earl E. Kaldenberg, for appellant.

Michael J. Lightfoot (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Irving Prager, Asst. U. S. Atty., Robert L. Brosio, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before BROWNING, KILKENNY and TRASK, Circuit Judges.

KILKENNY, Circuit Judge.

In a jury trial, appellant was convicted on seven counts of an indictment charging him with seven separate violations of 18 U.S.C. § 152,[1] concealment of assets in a bankruptcy proceeding. He appeals. We affirm.

The facts are not seriously in dispute. Appellant's business venture, B.J.K. Development Company, Inc., engaged in building and leasing homes, filed a petition for reorganization under Chapter 11 of the Bankruptcy Act in the fall of 1966. A receiver was appointed on December 1st of that year. The receiver was empowered to collect all rentals from the bankrupt's property. After the appointment, three different persons rented three distinct parcels of B.J.K. property from appellant. They made periodic rental payments to appellant, which he retained and failed to disclose to the receiver. The counts on which the appellant was convicted reflect the various rental payments received from two of the tenants in accordance with their unauthorized rental agreements with appellant. The evidence is undisputed that one tenant paid appellant the sum of $563.54 on March 14, 1967, $350.-00 on April 10, 1967 and $335.00 on May 9th of the same year. Another tenant testified that she and her husband paid appellant the sum of $487.45 on January 28, 1967, $338.60 on February 28th, $425.00 on April 2nd and another $425.-00 on May 2nd of the same year.

---

1. 18 U.S.C. § 152.

"Whoever knowingly and fraudulently conceals from the receiver, custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or from creditors in any bankruptcy proceeding, any property belonging to the estate of a bankrupt; or * * *

 * * * * *

"Shall be fined not more than $5,-000 or imprisoned not more than five years, or both."

The unchallenged testimony of the receiver reveals that appellant was told on December 1, 1966, that he might find prospective lessees, but that only the receiver was authorized to make the leases and collect the rentals.

 Relying principally on Edwards v. United States, 265 F.2d 302 (9th Cir. 1959), Bisno v. United States, 299 F.2d 711 (9th Cir. 1961), cert. denied 370 U. S. 952, 82 S.Ct. 1602, 8 L.Ed.2d 818 and United States v. Harris, 388 F.2d 373 (7th Cir. 1967), appellant argues that the receipt and retention of the seven different payments constituted but one crime. In *Edwards,* the substance of the offense charged in each of the counts, on which appellants were convicted, was the failure of each appellant to reveal or disclose property belonging to the bankrupt. There was only one concealment, even though several different items of property were involved. The property in question had been removed to Canada prior to the bankruptcy proceedings. Here, of course, there were seven entirely separate and distinct concealments, each of which occurred after the petition had been filed. Each time appellant received the rental payment a new set of facts arose and he was confronted with a new decision on whether to transfer the new assets to the receiver or to conceal them. Clearly, a separate and distinct state of facts are here involved in each count. *Bisno* and *Harris* are distinguishable for essentially the same reasons.

The *Edwards* decision is discussed in Dranow v. United States, 307 F.2d 545 (8th Cir. 1962), and distinguished on ground that the assets there involved were already concealed at the time of bankruptcy. *Dranow* passes on the precise point before us and is in full support of our conclusion that the indict-

ment before us properly charged seven separate and distinct crimes. Blockburger v. United States, 284 U.S. 299, 302, 52 S.Ct. 180, 76 L.Ed. 306 (1932), cited in the *Dranow* opinion, quotes with approval the following language from Wharton's Criminal Law, 11th Edition, § 34.

> "The distinction stated by Mr. Wharton is that 'when the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie. * * * [T]he test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately. * * *. If the latter, there can be but one penalty.' "

The rationale thus expressed in *Wharton,* is equally applicable to the facts before us. We are here concerned with successive impulses, separately made, rather than with a single impulse.

 During the course of his argument, appellant's counsel for the first time suggested that 18 U.S.C. § 3284,[2] the Bankruptcy Statute of Limitations, supported his construction of 18 U.S.C. § 152. In 1938[3] and in 1948,[4] § 3284 was amended by adding the language: "* * * and the period of limitations shall not begin to run until such final discharge or denial of discharge.", and by eliminating the three year limitation provision, the latter being deemed unnecessary in view of the general statute, 18 U.S.C. § 3282. Prior to these amendments, the authorities were in conflict as to when the statute commenced to run.[5] It is manifest that the amendments were enacted for the specific purpose of fixing a definite time for the

---

2. 18 U.S.C. § 3284.

 "The concealment of assets of a bankrupt or other debtor shall be deemed to be a continuing offense until the debtor shall have been finally discharged or a discharge denied, and the period of lim-

itations shall not begin to run until such final discharge or denial of discharge."

3. 52 Stat. 856.

4. 62 Stat. 828.

5. United States v. Fraidin, 63 F.Supp. 271, 276–277 (D.Md., 1945).

embarkation of the statutory period. The language of the limitation statute, "The concealment of assets of a bankrupt or other debtor shall be deemed to be a *continuing offense * * *"*, must be read in the light of the limitations problem with which the Congress was faced. The Congress, in using this language, was then concerned only with the statute of limitations. Clearly, by the enactment and amendments of § 3284, it had no intention of modifying or limiting the provisions of § 152, so as to permit only one prosecution, irrespective of the number of times a person might have violated the provisions of the statute. To hold otherwise would violate the well known rule of statutory construction that the courts will not impute to the Congress an intent to produce in a statute an absurd or unreasonable result.

Appellant's contention that the district court unduly restricted his right of cross-examination of the receiver is groundless and does not require a discussion.

Affirmed.